UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEN STEWART,

        Plaintiff,

v.                                                                            Case No: 6:20-cv-2305-DCI

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

**MEMORANDUM AND OPINION**

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for a period of disability and disability insurance benefits. In a decision dated January 13, 2020, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from September 29, 2017, through the date of the decision. R. 29. Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

    **I.**    **Issue on Appeal**

Claimant raises a single issue on appeal: The ALJ did not properly evaluate Claimant's testimony about his pain. Doc. 20 at 12–17.

    **II.**    **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not

> decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.   Discussion

Claimant argues that the ALJ failed to offer a sufficient justification for rejecting Claimant's testimony about his pain. *See Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). Under *Holt*, when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptoms arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged symptoms. *Id.* at 1223. "The claimant's subjective testimony *supported by medical evidence that satisfies the standard* is itself sufficient to support a finding of disability." *Id.* (emphasis added). If not, the ALJ may disregard or discount the claimant's pain but "must clearly articulate explicit and adequate reasons" for doing so. *Dyer v. Barnhart*, 395 F.3d at 1206, 1210 (quotation marks omitted). Subjective symptoms alone are not enough to establish disability. 20 C.F.R. § 404.1529(a) ("Statements about your pain or other symptoms will not alone establish that you are disabled. There must be objective medical evidence from an acceptable medical source that . . . would lead to a conclusion that you are disabled.").

At the hearing, Claimant testified, as summarized by the parties, concerning his limitations caused by pain:

> Regarding his daily activities, Plaintiff testified that he spent most of his day in bed due to his pain. (Tr. 51). He reported having problems with incontinence due to

>pelvic floor dysfunction. (Id.). He denied being able to handle personal care activities such as dressing and bathing. (Tr. 52). Plaintiff stated that he was not able to perform any chores around the house. (Tr. 53). He noted that his wife helped him with dressing and bathing. (Id.). Plaintiff testified that his wife also performed all the household chores, yard work, and home maintenance. (Id.). Plaintiff noted that he had forfeited his driver's license in 2017. (Id.). He reported that he had to use the restroom about once per hour. (Tr. 55). Plaintiff noted that he had episodes of vertigo three to five times per week. (Id.).

Doc. 20 at 10.

In assigning Claimant's RFC, the ALJ first considered Claimant's testimony concerning his pain, summarizing in detail Claimant's testimony at the hearing concerning his pain and the physical limitations he assertedly has due to that pain. R. 21–22. Thereafter, the ALJ explained that:

>After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

R. 22. The ALJ then spent several pages of the decision summarizing the relevant medical records with citations to the record evidence. R. 22–26. Relying upon that summarized record evidence, the ALJ made the following findings:

>The Administrative Law Judge notes that the claimant has not required extended inpatient hospitalization for a physical problem. There is no indication that the claimant has any significant medication side effects that preclude all work activity. Despite complaints of migraine headaches, the objective evidence and course of treatment do not establish headaches at a frequency and severity that would also be work preclusive. Furthermore, to find that a handheld assistive device is medically required, there must be medical documentation establishing the need for the device to aid in walking and standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information.). The record fails to show that a cane has been medically prescribed, nor does evidence establish these other specified factors. The medical necessity of an assistive device is not established consistent with SSA regulations and guidelines.

>While the claimant has impairments that impact functioning, the overall evidence does not establish work preclusive impairments and symptoms. The claimant has been restricted to a sedentary RFC with additional limitations, including no more than occasional postural restrictions to address his impairments and symptoms, which includes vertigo and spine disorders. In regards to his eye complaints, a January 2019 eye examination showed a functional status of "no disability" and evaluation result of "no impairment". Nevertheless, the claimant has been restricted from all hazards, to address, in part, his reported visual disturbance. (Exhibit 29F; 30F; 32F/24) The claimant was diagnosed with constipation and anorectal dysnergia, and has received physical therapy. The claimant also continued biofeedback therapy and noted improvement of bowel movements after a few sessions and adjustment of diet to high fiber.
>
>Consistent with SSR 96-8p, the claimant has been limited to occasional postural activities for his history of pelvic related issues. In terms of the claimant's alleged physical impairments, treatment records, findings on physical examination, and imaging reports are consistent with the above residual functional capacity assessment. Furthermore, no doctor has indicated that the claimant needs additional surgery for complaints of pain since his alleged onset date and he has received a conservative treatment regimen. The claimant has also been capable of a range of activities of daily living since the alleged onset date, which is consistent with the ability to perform at least a reduced range of sedentary work. For example, at a December 2018 primary care follow-up where the claimant presented with pain in the right arm, nausea, vomiting and migraine headaches, the claimant's functional status indicated in treatment records was: no problems with activities of daily living, no problems with grooming; no problems with getting dressed; no problems preparing meals; no problems with bladder incontinence; no trouble with balance or walking; no problems with sensory abilities and no problems with thoughts or memory. The claimant received conservative treatment at his December 2018 visit.

R. 26–27.

Claimant takes issue with some of the reasons the ALJ gave for rejecting Claimant's testimony. Claimant first argues that the ALJ erred by stating that Claimant did not have any "extended inpatient hospitalization for his physical impairments." R. 26. Claimant asserts that he was hospitalized for three days,[1] thus, he asserts that this reason is inconsistent with the medical record. It is unclear what the ALJ meant by "extended inpatient hospitalization" and whether a

---

[1] Claimant actually asserts that he was hospitalized for four days, Doc. 20 at 13–14, but the record cited states that he was only hospitalized from February 12, 2018, to February 14, 2018. R. 578.

three-day hospitalization is necessarily inconsistent with an "extended inpatient hospitalization." Regardless, even assuming that this statement was inconsistent with the record, Claimant fails to show how such an inconsistency necessitates remand here. Thus, the Court rejects this argument.

Claimant next argues that the RFC failed to include limitations for Claimant's nausea. Doc. 20 at 14. But the ALJ considered Claimant's nausea in assessing the RFC, R. 25, and it is not this Court's function to reweigh the evidence of record. *Winschel*, 631 F.3d at 1178 (11th Cir. 2011). Thus, the Court rejects this argument.

Claimant argues that the RFC failed to include enough limitations for Claimant's issues with his right upper extremity. Doc. 20 at 14. But, again, the ALJ considered these issues in assessing the RFC, R. 23–25, and it is not this Court's function to reweigh the evidence of record. *Winschel*, 631 F.3d at 1178 (11th Cir. 2011). Thus, the Court rejects this argument.

Claimant argues that the RFC was inconsistent with Claimant's reported daily activities. Doc. 20 at 16. Once more, the ALJ considered Claimant's daily activities in assessing the RFC, R. 25–26, and it is not this Court's function to reweight the evidence of record. *Winschel*, 631 F.3d at 1178 (11th Cir. 2011). Thus, the Court rejects this argument.

Claimant argues that the ALJ erred by stating that Claimant only received conservative treatment. Doc. 20 at 15. It is true that the medical record is somewhat inconsistent with a finding that Claimant "only" received conservative treatment; Claimant underwent surgery and received Tramadol, which is a strong pain medication. *See Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1268 n.2 (noting that use of Tramadol may be inconsistent with conservative treatment). However, Claimant has not shown that this inconsistency is material. For instance, Claimant has not shown that his treatment regimen was not conservative overall, nor has he otherwise shown that this inconsistency necessitates remand. *Cf. Garcia-Colon v. Comm'r of Soc. Sec.*, 2019 WL 4140945,

at *5 (M.D. Fla. Aug. 30, 2019) (remanding where "the ALJ's misstatements were material and affected the ALJ's ultimate conclusion.").

Further, the ALJ relied upon several points in the medical record, after the alleged onset date, which were cited as evidence that Claimant's pain was not as severe as stated at the hearing. R. 26–27. The ALJ acknowledged that "[w]hile the claimant has impairments that impact functioning, the overall evidence does not establish work preclusive impairments and symptoms." R. 26. Accordingly, the ALJ adequately applied the relevant standard. *See, e.g., Hughes v. Comm'r of Soc. Sec. Admin.*, 486 F. App'x 11, 15–16 (11th Cir. 2012) ("[S]ubstantial evidence also supports the ALJ's determination that [Claimant's] statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent that they were inconsistent with the [RFC] and the objective evidence in the record.").

Finally, Claimant argues that the ALJ improperly rejected Claimant's testimony based upon things Claimant admitted at the hearing, such as his lack of cane use, lack of migraine headaches, and lack of other indications of severe pain. This argument is somewhat unclear. It appears Claimant argues that by admitting these things, the ALJ was foreclosed from relying upon these admissions to contradict Claimant's hearing testimony. The Court is not persuaded by this argument. For instance, the ALJ could—and indeed, did—find that Claimant's admission that he did not require a cane, or that he did not suffer from migraine headaches, to be internally inconsistent with other portions of Claimant's testimony regarding the severity of his pain. R. 27. Thus, the Court rejects this argument.

## IV. Conclusion

Based on the foregoing, the Court holds that the ALJ adequately applied the three-part pain evaluation. The Court will not disturb the factual findings as they were based on substantial evidence.

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**;

2. The Clerk is directed to enter judgment for Commissioner and close the case.

**ORDERED** in Orlando, Florida on August 10, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE